UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.

D-1 Demas Hernandez Cortez and
D-2 Sarah Ann Calvetti,

      Defendants.
_____/

Criminal No. 14-20209
Honorable Sean F. Cox

**ORDER DENYING DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY (Doc. #21)**

In this action, Defendants Sarah Ann Calvetti (D2) ("Calvetti") and Demas Hernandez Cortez (D1) ("Cortez") (collectively, "Defendants") are charged in an Indictment (Doc. #10) with Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, Possession with Intent to Distribute More than 5 Kilograms of Cocaine, and Aiding and Abetting.

On May 13, 2014, Defendant Calvetti filed a Joint Motion to Compel Discovery of Narcotics K-9 Records (Doc. #21). The motion has been fully briefed by the parties. For the reasons set forth below, the Court shall DENY Defendants' motion.

## BACKGROUND

Defendants Calvetti and Cortez were arrested on March 26, 2014, after a vehicle search during a traffic stop revealed that Defendants were in possession of 16 kilograms of cocaine.

During the traffic stop and before Defendants were placed under arrest, Defendants' vehicle was subjected to a sniff search by Michigan State Trooper K-9 Booker ("K-9 Booker"). K-9 Booker was handled at the time by Michigan State Trooper Jeffrey Schrieber ("Trooper Schrieber"). Trooper

Schrieber testified that during the sniff search, K-9 Booker "show[ed] some interest on the floor" of the vehicle, but "did not give a final response," meaning that K-9 Booker did not find narcotics in the vehicle. (Hearing Trans., 7/8/14, Doc. #30, at 56-57). Michigan State Trooper Ziecina continued to search the vehicle, and discovered the cocaine hidden under the floor of the van's passenger compartment.

Calvetti was taken to the DEA Detroit Field Office where she was read her *Miranda* rights. During an interview with the DEA agents, Calvetti gave DEA agents written consent to search her rented home at 25455 Princeton, Dearborn Heights, Michigan ("the Dearborn Heights home").[1]

Later that same day, DEA agents executed a search at the Dearborn Heights home. Trooper Schrieber deployed K-9 Booker for a sniff search of the premises even though the search had already begun. The parties agree that K-9 Booker alerted to the presence of narcotics in the home but that, ultimately, no narcotics were found.

At the evidentiary hearing on Defendants' motion, Trooper Schrieber testified regarding the training that K-9 Booker receives. Trooper Schrieber testified that, aside from being re-certified annually, K-9 Booker undergoes eight (8) hours of training each week. (Hearing Trans., 7/8/14, Doc. #30 at 57-58). The Court also received into evidence two of K-9 Booker's training certification certificates from 2012 and 2013. (Gvmt. Exs. 6 and 7).

## APPLICABLE LAW

**1)    Federal Rule of Criminal Procedure 16**

Federal Rule of Criminal Procedure 16(a) sets forth the items of discovery that the

---

[1] Calvetti has moved to suppress her statements based on an alleged *Miranda* violation, and has moved to suppress her consent because it was "tainted" by the *Miranda* violation. (*See* Doc. #20).

Government **must** produce to the Defendant, as well as information NOT subject to disclosure:

    (a)(1)(A):    Defendant's Oral Statement.

    (1)(B):    Defendant's Written or Recorded Statement.

    (1)(D):    Defendant's Prior Record.

    (1)(E):    Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objets, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

        (i)    the item is material to preparing the defense;
        (ii)    the government intends to use the item in its case-in-chief at trial;
        (iii)    the item was obtained from or belongs to the defendant.

    (1)(F)    Reports of Examinations and Tests.

    (1)(G)    Expert witnesses.

    (a)(2):    **Information Not Subject to Disclosure**. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 ("Jencks Act").

**2)**    ***Brady, Giglio***, **and the Jencks Act**

*Brady v. Maryland*, 373 U.S. 83, 89 (1963) enunciated the now well-settled rule that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith

3

or bad faith of the prosecution." *Id.*

"Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Thus, it has been held that "when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [the *Brady* rule]." *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Keeping the *Brady* rule in mind, a Defendant "has no right to discover statements of witnesses until after the witness testifies at trial. The Court cannot order an earlier disclosure of statements by such witnesses, since it would in effect be an amendment to the Jencks Act." *United States v. Austin*, 99 F.R.D. 292, 301 (W.D. Mich. 1983).

**ANALYSIS**

Defendants posits that, at trial, the Government will try to admit testimony stating that the canine alerted to the presence of narcotics in the Dearborn Heights home. Defendants request that this Court order the Government to produce six months of training records and two months of daily activity logs for this canine because, pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), these discovery documents can be used to impeach the credibility of the canine handler.

The Government responds that it has produced all discoverable evidence as required by Federal Rule of Criminal Procedure 16, and that the records and activity logs Defendant requests are not relevant.

*Giglio* clearly requires that in order for "evidence affecting credibility" to constitute a required discovery disclosure under *Brady*, the witness's reliability should be material to the jury's determination of guilt or innocence. *Giglio*, 405 U.S. at 154; *see also U.S. v. Bagley*, 473 U.S. 667,

4

677 (1985) (stating that the suppression of *helpful* impeachment evidence constitutes a constitutional violation "only if it deprives the defendant of a fair trial.").

Defendants have made no argument supporting the conclusion that Trooper Schrieber's testimony may be determinative of guilt or innocence. It is, therefore, unclear how *Giglio* compels the Government's production of the requested documents.

The Government further argues that the requested evidence is likely of minimal relevance. Relevant evidence is "evidence having any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. The Government argues that Trooper Schrieber's testimony relatively inconsequential because officers did not rely on the K-9 Booker's alert to a narcotic smell to establish probable cause to search either the vehicle or the Dearborn Heights home. Rather, Defendant Calvetti gave prior consent to search her van and her Dearborn Heights home before they were searched.

The Court finds that Defendants have not shown how the records they seek are relevant and material to the fundamental issues in the case. Therefore, the Court shall deny Defendants' Joint Motion to Compel Discovery (Doc. #21).

Defendants' request for leave to file additional pretrial motions based on the new discovery documents is DENIES AS MOOT.

    **IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  August 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August

11, 2014, by electronic and/or ordinary mail.

                         S/Jennifer McCoy
                         Case Manager