UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

                                                                     Criminal No. 14-20209
D-1 Demas Hernandez Cortez and          Honorable Sean F. Cox
D-2 Sarah Ann Calvetti,

        Defendants.
_____/

## ORDER DENYING
## DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL

        This matter is currently before the Court on Defendants' Joint oral Motion for Judgment of Acquittal Pursuant to Rule 29.  The indictment charges Defendants with Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1) and 841(b)(1)(A)(ii)(II); and  Possession with Intent to Distribute More than 5 Kilograms of Cocaine - Aiding and Abetting, in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. section 2.  Defendants seek acquittal as to both counts.

### APPLICABLE LAW

        In considering a motion for judgment of acquittal under FED. R. CRIM. P. 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt.  *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979).  In doing so, the Court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.  *Id.*

The Sixth Circuit has explained that a defendant claiming insufficiency of the evidence "bears a very heavy burden." *Abner*, 35 F.3d at 253. On review, all evidence must be construed in a manner most favorable to the Government. Moreover, circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

In order for the jury to find Defendant guilty of conspiracy to possess with intent to distribute cocaine, the jury must find beyond a reasonable doubt that Defendants had an agreement to violate the drug laws, knowledge and intent to join the conspiracy, and participated in the conspiracy. *United States v. Layne*, 192 F.3d 556, 567 (6th Cir.1999). Proof of knowledge is satisfied by proof that the defendant knew the essential object of the conspiracy. *U.S. v. Christina*, 786 F.2d 203, 211 (6th Cir. 1986). A defendant's mental state can be inferred from the defendant's statements and actions.

In order to find either Defendant guilty of Possession with Intent to Distribute More Than 5 Kilograms of Cocaine, Aiding and Abetting, the jury must find beyond a reasonable doubt that 1) the crime of possession with intent to distribute and to distribute five (5) kilograms or more of cocaine was committed; 2) that the defendant helped to commit the crime, and 3) that the defendant intended to help commit the crime. *Sixth Cir. Pattern Jury Inst. § 4.01*. The sheer volume and street value of controlled substances possessed can constitute evidence of an intent to distribute them. *U.S. v. Freeman*, 412 Fed. App'x 735, 746 (6th Cir. 2010).

## ANALYSIS

Having considered Defendants' motion, and viewing the evidence presented at trial in the light most favorable to the prosecution, the Court concludes that a rational trier of fact could find the essential elements of all of the crimes charged have been proven beyond a reasonable doubt.

There is evidence that on March 26, 2014, Defendants Calvetti and Cortez were in possession of sixteen kilograms of cocaine contained in the trap compartment of the minivan. Defendant Calvetti owned, and was driving, the vehicle.

Among the evidence presented at trial was an audio/video recording of a conversation between Defendants while they were seated, alone, in Michigan State Trooper Craig Ziecina's scout car. (Gvmt. Ex. 1). The jury saw and heard this audio/video recording in Court; the Government also produced a transcript of the conversation, which provides translation of those portions of Defendants' conversation that they had in Spanish. (Gvmt. Ex. 1(a)).

During this conversation, Calvetti asked Cortez, "You're going to say that it's yours, right? That I don't know anything . . . That it's your friend who sold me that thing and there was no way . . . no way I knew." Cortez responded, "Yeah, you don't know anything . . . it's all mine . . ." (Gvmt. Ex. 1(a) at 16). Cortez also told Calvetti to call (someone) and tell him that "they're searching the vehicle and everything's... is not looking good, that, uh, that they got two dogs. Call him real quick and tell him." (Gvmt. Ex. 1(a) at 18).

DEA Special Agent Jeffrey Moore ("Agent Moore") interviewed Cortez after he was arrested and advised of his *Miranda* rights. During that interview, Cortez told Agent Moore that he had taken the minivan to Mexico to purchase approximately twenty (20) kilograms of cocaine for approximately $257,000. Cortez also stated that, while in Mexico, he paid $25,000 for the trap compartment to be built into the minivan. Cortez said that he was able to fit sixteen (16) of the kilograms into the trap compartment of the minivan. Agent Moore testified that sixteen kilograms of cocaine indicates intent of distribution as opposed to personal use. During their interview, Cortez admitted to having a business partner by the name of Yasiel Garcia, or "Richie Rich."

3

The Government elicited the testimony of DEA Special Agent Jeremy Fitch ("Agent Fitch"). Agent Fitch testified that he was present during the consent search of a house leased by Defendant Calvetti, which was located on Princeton Street in Dearborn Heights, Michigan. Agent Fitch testified that Calvetti's house was sparsely furnished and contained large quantities of items indicative of drug trafficking activity, such as tubes of grease, plastic wrap, fabric softener sheets, etc. Agent Fitch testified that, in his opinion, Calvetti's Dearborn Heights home is a "stash house," which is a house used as an instrument of the drug trafficking trade.

The Court finds that this evidence, when viewed in the light most favorable to the Government, would permit a rational trier of fact to find Defendants guilty of all charges beyond a reasonable doubt. Accordingly, **IT IS ORDERED** that Defendants' Joint Motion for Judgment of Acquittal is **DENIED.**

**IT IS SO ORDERED.**

                                       S/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated:  December 12, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2014, by electronic and/or ordinary mail.

                                       S/Jennifer McCoy
                                       Case Manager