UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

                                       Criminal No. 14-20209
D-1 Demas Hernandez Cortez and      Honorable Sean F. Cox
D-2 Sarah Ann Calvetti,

       Defendants.

_____/

## ORDER DENYING
## DEFENDANTS' JOINT MOTION FOR NEW TRIAL (Doc. #65)

On December 15, 2014, Defendants were convicted of Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1) and 841(b)(1)(A)(ii)(II); and Possession with Intent to Distribute More than 5 Kilograms of Cocaine - Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2.

This matter is currently before the Court on Defendants' Joint Motion for New Trial Pursuant to Fed. R. Crim. Proc. 33. (Doc. #65). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(1). The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall DENY Defendants' Motion for New Trial.

## BACKGROUND

1

This Court has previously set forth the facts surrounding this case in its Opinion and Order Denying Defendants' Motions to Suppress Evidence. *U.S. v. Cortez, et al.*, Case No. 14-20209, Doc. #36.

Defendants claim that Trooper Schrieber's trial testimony revealed an additional detail concerning the traffic stop that was not discussed at the evidentiary hearing on Defendants' Joint Motion to Suppress Evidence. At trial, Michigan State Trooper Jeffrey Schrieber testified that, during the traffic stop of Defendants, when his canine failed to alert to the presence of narcotics in the vehicle, Trooper Schrieber "attempted to force air from an area of the van that the officers believed may contain a hidden cavity." (Defs. Mo., Doc. #65 at 3). The canine still did not alert. (*Id.*). Defendants maintain that this particular fact did not come out during the officers' testimony at the evidentiary hearing.

Defendants aver that this additional detail requires this Court to reconsider its Opinion and Order Denying Defendants' Joint Motion to Suppress Evidence. Defendants argue that Trooper Schrieber's trial testimony confirms that the officers unreasonably prolonged the traffic stop in violation of their Fourth Amendment rights. (Defs. Mo. at 3-4). Therefore, Defendants request that this Court "enter an Order granting Defendants a new trial and suppressing the evidence found as a result of the search of Defendants' vehicle." (Defs. Mo. at 4).

The Government responds that the officers were justified in extending the duration of the traffic stop because, during the traffic stop, officers developed reasonable suspicion that Defendants were engaged in criminal activity. (Gvmt. Resp., Doc. #67 at 10-12).

**APPLICABLE LAW**

Under Federal Rule of Criminal Procedure 33, the court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33(a). "The decision to grant or deny a new trial rests within the district court's sound discretion." *U.S. v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). "[T]he defendant bears the burden of proof that a new trial is warranted and 'such motions should be granted sparingly and with caution.'" *U.S. v. Dolan*, 134 F.3d 372 at *3 (6th Cir. 1997).

## ANALYSIS

Having considered Defendants' motion, the Court is not persuaded that the basis for its denial of Defendants' original motion to suppress is undermined by the additional detail introduced during the testimony of Trooper Schrieber at trial.

As this Court fully discussed in the September 4, 2014 Opinion and Order (Doc. #36), Trooper Ziecina did not unreasonably prolong the traffic stop beyond its initial purpose because, due to the totality of the circumstances of the stop, he developed reasonable suspicion that Defendants might be engaged in criminal activity. *See Joshua v. DeWitt*, 341 F.3d 430, 443 (6th Cir. 2003) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18 (1981)).

Evidence and testimony admitted during the evidentiary hearing revealed that 1) Defendants' travel plans were not corroborated by Michigan State Trooper Craig Ziecina's observations; 2) Calvetti informed Trooper Ziecina that both she and Cortez had prior involvement with narcotics; 3) Calvetti informed Trooper Ziecina that Cortez was incarcerated for 18 years; 4) Defendant Calvetti appeared and acted nervously throughout the entire traffic stop, as she was jittery, sweaty, and hesitated when answering even basic questions; and 5) during the consent search of Defendants' vehicle, it appeared to the officers that the wheelchair lift and floorboard of Defendants' vehicle had

been manipulated. *See U.S. v. Cortez, et al.*, Case No. 14-20209, Doc. #36 at 10-11.

Based on all of the circumstances present during the traffic stop, Trooper Ziecina was justified in prolonging the traffic stop to investigate his reasonable suspicion that Defendants were engaged in criminal activity. Trooper Schrieber's trial testimony regarding his "attempt to force air" from what turned out to be the trap compartment beneath the vehicle's passenger floor does not persuade this Court to a different conclusion.

Accordingly, **IT IS ORDERED** that Defendants' Joint Motion for New Trial (Doc. #65) is **DENIED.**

**IT IS SO ORDERED.**

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: March 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2015, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager