UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-1 Demas Hernandez Cortez and
D-2 Sarah Ann Calvetti,

        Defendants.
_____/

Criminal No. 14-20209
Honorable Sean F. Cox

### ORDER DENYING
### DEFENDANTS' JOINT MOTION TO ADJOURN SENTENCING (Doc. #70) and DENYING DEFENDANT CALVETTI'S MOTION FOR BOND (Doc. #69)

On December 15, 2014, Defendants were convicted of Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, and Possession with Intent to Distribute More than 5 Kilograms of Cocaine - Aiding and Abetting. Currently, both Defendants are detained pending sentencing, which is scheduled for April 22, 2015.

This matter is currently before the Court on Defendants' Joint Motion to Adjourn Sentencing (Doc. #70), and Defendant Calvetti's Motion for Bond (Doc. #69). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(1). The Court therefore orders that the motions will be decided upon the briefs. For the reasons set forth below, the Court shall DENY both of Defendants' motions.

### BACKGROUND

Defendants were charged by indictment with Conspiracy to Possess with Intent to Distribute

1

and To Distribute Cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1) and 841(b)(1)(A)(ii)(II); and Possession with Intent to Distribute More than 5 Kilograms of Cocaine - Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2. (Indictment, Doc. #10). On December 15, 2014, Defendants were convicted by a jury of both counts. (Verdict Form, Doc. #59, #61). Defendants received a sentencing date of April 22, 2015. (Doc. #55, Doc. #56). Defendants filed a Joint Motion for New Trial (Doc. #65), which was denied on March 24, 2015 (Order Denying Motion for New Trial, Doc. #68).

On April 14, 2015, Defendants filed a Joint Motion to Adjourn Sentencing. (Doc. #70). In that motion, Defendants recognize that they are each subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A).[1]

Defendants allege that proposed legislation, entitled "The Smarter Sentencing Act of 2015" ("the Act"), will, if enacted, reduce the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from ten years to five years.[2] (Doc. #70 at 2). Defendants allege that there "appears to be broad bipartisan support" for this proposed legislation, and that it would be fundamentally unfair for this Court to sentence Defendants now while the higher mandatory minimum sentences are in effect. (Doc. #70 at 3-4). Thus, Defendants request that the Court adjourn sentencing as to Defendants for ninety (90) days to await the potential enactment of the Act.

The Government responds that Defendants have not shown that this proposed legislation is "imminent pending legislation." (Gvmt. Resp., Doc. #73). In other words, the Government appears

---

[1] The Government states that Calvetti's Sentencing Guidelines Range is 121-151 months, and that Cortez's Sentencing Guidelines Range is 365 months to life.

[2]

to be arguing that even if the adjournment is granted, it is far from certain that the Act will pass successfully through Congress at all, much less within ninety days; therefore, adjournment on this basis is not warranted. The Government also claims that the Court will have the power to subsequently modify Defendants' sentences if and when the Act becomes law. (Doc. #73 at 2).

Defendant Calvetti also requests that this Court issue an Order releasing her on bond pending sentencing, pursuant to 18 U.S.C. §§ 3142(c) and 3145(c). (Calvetti Mo., Doc. #69 at 1). Defendant Calvetti wishes to be released on bond prior to sentencing so that she may "be allowed to return home, visit her family, and put her affairs in order . . . ." (Doc. #69 at 3). The Government opposes Defendant's request. (Gvmt. Resp., Doc. #71).

## ANALYSIS

This Court has the discretion to grant a continuance. *See U.S. v. Sharrak*, 527 Fed. App'x 383, 386 (6th Cir. 2013) ("We review the denial of a continuance for abuse of discretion."). "The district court abuses its discretion when it engages in an 'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay.'" *Id.* (quoting *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009)). "Whether a continuance is appropriate in a particular case depends on the facts and circumstances of that case . . . with the trial judge considering the length of the delay, previous continuances, . . . whether the delay is purposeful or is caused by the accused, . . . the complexity of the case, and whether denying the continuance will lead to identifiable prejudice." *Id.* (quoting *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985)).

This Court shall deny Defendants' Motion to Adjourn Sentencing. Defendants have not shown that a continuance is appropriate under the facts and circumstances of this case. It is far from certain, or even probable, that the Act will be approved by Congress in the next ninety days.

Further, assuming that the Act is enacted, Defendants have not shown that they would suffer actual prejudice as a result of being sentenced under the higher mandatory minimums. Both Defendants have Sentencing Guidelines Ranges that, at the low end, recommend over ten years' imprisonment, and neither Defendant has filed a motion for downward departure or variance. Defendants have offered no other concrete justification for delaying sentencing in this matter. Therefore, the Court shall DENY Defendants' Joint Motion to Adjourn Sentencing (Doc. #70).

The Court shall also deny Defendant Calvetti's Motion for Bond. This Court issued an Order for Detention Pending Trial as to Defendant Calvetti on April 16, 2014 (Doc. #15), based on its findings that Defendant Calvetti posed a flight risk, represented a serious danger to the local community, and that there was no "combination of conditions that [would] reasonably assure the appearance of Defendant and the safety of the community." (Doc. #15 at 3-6).

Defendant Calvetti has not persuaded the Court that she no longer poses a flight risk, no longer represents a danger to the local community, or that any exceptional or changed circumstances warrant her release pending sentencing. As the Government points out, the only circumstance that has changed since this Court issued its April 16, 2014 Order for Detention is that Calvetti has now been convicted of two serious drug crimes. Moreover, as the April 22, 2014 Sentencing date stands undisturbed, Defendant Calvetti's release pending trial is simply impracticable.

Accordingly, Defendant Calvetti's Motion for Bond (Doc. #69) is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Joint Motion to Adjourn

Sentencing (Doc. #70) and Defendant Calvetti's Motion for Bond (Doc. #69) are **DENIED.**

    **IT IS SO ORDERED.**

                                               S/Sean F. Cox
                                               Sean F. Cox
                                               United States District Judge

Dated:  April 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2015, by electronic and/or ordinary mail.

                                               S/Jennifer McCoy
                                             Case Manager