UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

DEMAS HERNANDEZ-CORTEZ,

    Defendant/Petitioner.
_____/

Criminal No. 14-cr-20209
Civil No. 24-11202

Hon. Sean F. Cox
United States District Court Judge

**<u>OPINION & ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 123)</u>**

Petitioner Demas Hernandez-Cortez moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentences he received in this criminal case. Petitioner argues that the Court erroneously calculated his sentencing range under the U.S. Sentencing Guidelines and that, but for this error, he would have received a lower sentence. Because this claim is time-barred by the Anti-terrorism and Effective Death Penalty Act and is not cognizable as an actual-innocence claim, the Court denies Petitioner's § 2255 motion.

**BACKGROUND**

The Government filed the criminal complaint in this case against Petitioner and a codefendant, Sarah Calvetti, in March 2014, and it alleged the following facts. (ECF No. 1). On the afternoon of March 26, 2014, Calvetti was driving a van on the I-75 freeway and Petitioner was in the passenger seat. Michigan State Police stopped the van for driving unusually slowly and Petitioner and Calvetti gave conflicting statements about who owned the van and where they were going. Police asked to search the vehicle, Calvetti agreed, and sixteen "bricks" of cocaine were found in a secret compartment in the van's floor.

1

During a subsequent interview with police, Petitioner waived his *Miranda* rights and admitted that he had recently smuggled nearly $250,000 in cash into Mexico. Petitioner stated that when he reached Mexico, he paid $25,000 to have the secret compartment built in the van and that he used the rest of the cash to buy the cocaine. Petitioner explained that he had crossed the border back into the United States before he was stopped by law enforcement.

A grand jury returned a two-count indictment against Petitioner and Calvetti in April 2014 (ECF No. 10), which charged them with inchoate offenses related to the possession of cocaine with the intent to distribute, *see* 21 U.S.C. § 841(a)(1). Specifically, Count I charged Petitioner and Calvetti with conspiracy to commit that offense, *see* 21 U.S.C. § 846, and Count II charged them with aiding and abetting the commission of that offense, *see* 18 U.S.C. § 2. A jury convicted Petitioner and Calvetti of both counts in December 2014. (ECF No. 60).

Following Petitioner's presentence investigation, the U.S. Probation Department found that he qualified for a sentencing enhancement under the career criminal provisions of the U.S. Sentencing Guidelines ("Career Offender Guideline").[1] *See* U.S.S.G. § 4B1.1. The Career Offender Guideline only applied to defendants if, inter alia, his or her offense of conviction was "a felony that is either a crime of violence or a controlled substance offense." § 4B1.1(a).

The Probation Department determined that Count I, Petitioner's drug conspiracy offense, was a "crime of violence" or a "controlled substance offense" under the Career Offender Guideline. At Petitioner's sentencing hearing, counsel for the Government stated that the Career Offender Guideline applied to Petitioner because Counts I and II "are both controlled substance offenses." (ECF No. 93, PageID.1303).

---

[1] The Probation Department used the 2014 version of the *U.S. Sentencing Guidelines Manual* to calculate Petitioner's sentencing range. Citations to the Guidelines in this opinion refer to the 2014 version of the *Manual* unless stated otherwise.

The Court agreed that the Career Offender Guideline applied to Petitioner and sentenced him to concurrent 360-month sentences of imprisonment on Counts I and II pursuant to the Guideline. (ECF No. 85). Petitioner appealed (on grounds unrelated to the instant § 2255 motion) and the Sixth Circuit affirmed. *See United States v. Calvetti*, 836 F.3d 654 (6th Cir. 2016). The Sixth Circuit denied Petitioner's petition for rehearing en banc on December 13, 2016, and Petitioner did not seek certiorari review in the U.S. Supreme Court.

In a *pro se* motion filed on May 6, 2023, Petitioner now moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentences. (ECF No. 123). Petitioner's motion has been fully briefed and is ripe for decision. For the following reasons, the Court denies Petitioner's motion without an evidentiary hearing.

## STANDARD OF REVIEW

"District courts must hold an evidentiary hearing on motions under § 2255 'unless the record conclusively shows that the petitioner is entitled to no relief.'" *Villa v. United States*, 56 F.4th 417, 420 (6th Cir. 2023) (quoting *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018)).

## ANALYSIS

Petitioner argues that he "is actually, factually, and or [l]egally innocent as to" the Career Offender Guideline. (ECF No. 123, PageID.1704). Recall that the Career Offender Guideline only applies to a defendant if his or her offense of conviction was a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner argues that Counts I and II did not qualify as "controlled substance offenses" and that the Court erroneously adopted the U.S. Sentencing Commission's gloss on the Career Offender Guideline in holding otherwise.

3

As relevant with respect to this argument, U.S.S.G. § 4B1.2 defined "controlled substance offense" for the purposes of the Career Offender Guideline but did not state whether that definition embraced inchoate offenses. *See* U.S.S.G. § 4B1.2(b). Application Note 1 to § 4B1.2, however, stated that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2 cmt. n. 1.

The Sixth Circuit and other federal courts of appeals have since rejected Application Note 1 and held that § 4B1.2's definition of "controlled substance offense" did not include inchoate offenses.[2] *E.g.*, *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam) ("The Guidelines' definition of 'controlled substance offense' does not include attempt crimes."); *United States v. Castillo*, 69 F.4th 648, 664 (9th Cir. 2023) ("[T]he text of § 4B1.2(b) unambiguously does not include inchoate offenses."). Based on such precedent, Petitioner concludes that the Career Offender Guideline did not apply to him because Counts I and II were inchoate offenses, and therefore Counts I and II were not "controlled substance offenses."[3]

The Government responds that Petitioner is not entitled to relief on this claim because it is time-barred by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), and the Court agrees. Petitioner replies that the Court should nevertheless exempt his claim from AEDPA because he is actually innocent.[4] This argument fails because Petitioner only alleges that he is *legally* innocent, and not *factually* innocent, of the conduct proscribed by Career Offender Guideline enhancement.

---

[2] The U.S. Sentencing Commission has since amended § 4B1.2's definition of "controlled substance offense" to include inchoate offenses. *See* U.S.S.G. § 4B1.2(d) (2023).

[3] Petitioner does not address whether Count I or II nevertheless qualified as "crimes of violence" under the Career Offender Guideline.

[4] Petitioner does not argue that he is otherwise entitled to equitable tolling.

4

I.  **Limitation Period Under AEDPA**

The Government argues that Petitioner's claim is time-barred under AEDPA. AEDPA generally bars § 2255 claims raised in a defendant's first § 2255 motion that accrued over a year before such a motion was filed. *See* 28 U.S.C. § 2255(f). Claims cognizable under § 2255 accrue on the latest of four possible dates:

(1) the date on which the judgment of conviction bec[ame] final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States [was] removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, the Sixth Circuit denied Petitioner's motion for rehearing en banc on December 16, 2016, and Petitioner did not seek certiorari review. As such, Petitioner's judgment of conviction became final on March 18, 2017, when the deadline for Plaintiff to seek certiorari review expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also* Sup. Ct. R. 13(1), (3) (2013) (setting ninety-day deadline for seeking certiorari review following denial of a petition for rehearing en banc).

If Petitioner's claim accrued on the date of finality under paragraph (1) of § 2255(f), then it is time-barred because AEDPA's limitation period expired on March 19, 2018. And neither

paragraph (2) nor (4) are viable options for the date of accrual because Petitioner does not discuss the Government's removal of an impediment or any new evidence in his motion.

Petitioner disagrees in part. Specifically, he points to decisions from the U.S. Supreme Court and the federal courts of appeals that issued after his judgment of conviction became final and argues that these decisions constitute new "facts supporting [his] claim" under paragraph (4) of § 2255(f). However, "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

This leaves paragraph (3) of § 2255(f) as Petitioner's only option to avoid AEDPA's time bar. Petitioner argues that his claim could have accrued under that paragraph because *Castillo v. United States*, 96 F.4th at 648; *Havis*, 927 F.3d at 382; and *Kisor v. Wilkie*, 588 U.S. 558 (2019),[5] established a "right" that he now seeks to vindicate. However, "[t]he express language of § 2255(f)(3) limits its application to decisions of the Supreme Court," *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002), and *Kisor* was decided nearly four years before Petitioner filed the instant motion. Consequently, Petitioner's claim is still time barred even if it accrued under paragraph (3).

At bottom, Petitioner's claim is time-barred under AEDPA regardless of whether the date of accrual is calculated under paragraph (1), (2), (3), or (4) of § 2255(f).

**II.      Equitable Exception to AEDPA**

Petitioner states that even if his claim is time-barred under AEDPA, this Court should review it anyway because the courts' opinions in *Castillo*, *Havis*, and *Kisor* had not yet issued when he pursued his direct appeal. Petitioner effectively argues that he is entitled to "'bypass the

---

[5] *Kisor* held that "the possibility of deference [to an administrative agency's interpretation of a regulation] can arise only if [the] regulation is genuinely ambiguous." 588 U.S. at 573. *Castillo* applied this principle to the Career Offender Guideline. *See* 69 F.4th at 655–64.

6

statutory bar erected by the AEDPA[]' because an intervening change in the law has rendered him actually innocent." *Phillips*, 734 F.3d at 580.

Petitioner's argument is controlled by the "analytical framework for addressing actual innocence claims based upon a claim of legal innocence occasioned by an intervening change in law" that the U.S. Supreme Court articulated in *Bousley v. United States*, 523 U.S. 614 (1998). *Id.* at 581. Under this framework, "[P]etitioner must demonstrate that, in light of all the evidence it is more likely than not that no reasonable juror would have convicted him . . . [and] 'actual innocence' means factual innocence and not mere legal insufficiency." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (alterations in original) (quoting *Bousley*, 523 U.S. at 623).

Here, Petitioner does not argue that he is *factually* innocent of the conduct that triggered the Career Offender Guideline. Rather, Petitioner says that the Guideline did not apply to him because Counts I and II were inchoate offenses. "That argument is exclusively legal. And that's not good enough. To conclude otherwise 'would mean that actual innocence amounts to little more than what is already required to show prejudice.'" *United States v. Vargas-Soto*, 35 F.4th 979, 999 (5th Cir. 2022) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 345 (1992)).

*Bousley*'s actual-innocence framework does not exempt Petitioner's claim from AEDPA's time bar.[6]

## CONCLUSION & ORDER

The record conclusively shows that Petitioner's sole claim is time-barred under AEDPA and is not exempt from the Act under *Bousley*'s actual-innocence framework. Accordingly, **IT**

---

[6] Even if Petitioner's claim was is time-barred by AEDPA, it is likely not cognizable under § 2255 in any event. *See Snider v. United States*, 908 F.3d 183, 189–192 (6th Cir. 2018).

**IS ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 123) is **DENIED**.

    **IT IS SO ORDERED.**

Dated:  August 30, 2024　　　　　　　　　　　　s/Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge

I hereby certify that on August 30, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

　　　　　　　　　　　　　　　　　　　　　　　s/J. McCoy  
　　　　　　　　　　　　　　　　　　　　　　　Case Manager